

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00060-CV

---

IN THE INTEREST OF P.H. AND K.H., CHILDREN

---

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2018-1997-CCL2

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In this case, the trial court terminated the parental rights of Mother and Father to their children, P.H. and K.H.,[1] based on their execution of affidavits of relinquishment of parental rights (affidavits of relinquishment) and its finding that termination was in the best interests of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K), (2) (Supp.). Mother appeals the termination of her parental right and asserts that (1) the execution of her affidavit of relinquishment was involuntary as a result of duress, (2) the trial court committed harmful error by withdrawing the case from the jury based on waiver, and (3) legally and factually insufficient evidence supported the trial court's best-interest finding. Because Mother failed to preserve her challenge to her affidavit of relinquishment, and her other claims are statutorily precluded, we affirm the trial court's judgment

## I.    Background

On October 15, 2018, the Texas Department of Family and Protective Services (the Department) sued Mother and Father seeking to terminate their parental rights to P.H. and K.H. Father filed a request for jury trial. When the case was called for trial, their attorneys announced that they were ready to proceed. Although neither Mother nor Father were present, their attorneys advised the trial court that their clients were on their way and that they did not expect that jury selection would be delayed. Still, the Department moved the trial court to remove the case from the jury and argued that Rule 220 provided that a party's failure to appear for trial

---

[1]To protect the privacy of the children, we refer to them by their initials and refer to their biological parents as Mother and Father. *See* TEX. R. APP. P. 9.8(b)(2).

waived their right to a trial by jury.[2]  *See* TEX. R. CIV. P. 220.  Mother and Father objected to the removal of the case from the jury, and after argument by counsel, the trial court found that the right to a jury trial had been waived and proceeded with a bench trial, to which Mother and Father again objected.

After the Department and the intervenors[3] had completed their examination of the Department's first witness, the trial court took a short recess.  When court reconvened, Mother and Father did not return to the courtroom, and the Department announced that, during the break, both Mother and Father had executed affidavits of relinquishment.  Father's attorney informed the trial court that he went over the affidavit with Father, that Father was sober and coherent, and that Father understood what he signed.  Mother's attorney informed the trial court that he went over the affidavit and discussed it with Mother, that Mother was very upset but understood what she was doing, and that Mother made the stipulation that she was to be provided with an email address so she could get updates about the children two times a year.  The trial court found that both affidavits of relinquishment were in proper form and accepted them for filing.  The Department then offered more testimony relevant to the best interests of the children.  The trial court then found that termination of the parental rights of both Mother and Father was in the best interests of P.H. and K.H. and terminated Mother's and Father's parental rights based on the unrevoked affidavits of relinquishment executed by them.

---

[2]Mother arrived in court immediately after the Department articulated its motion.  Father did not arrive until forty minutes after the case was called for trial.

[3]The children's foster parents intervened in the suit and sought to be named sole managing conservators of the children.

3

## II.  Mother Did Not Preserve Her Complaint that Her Affidavit of Relinquishment Was Involuntary

In her fourth issue, Mother complains that her affidavit of relinquishment was involuntary because she executed it under duress.[4]  "As a prerequisite to appellate review, the record must show that Appellant[] raised the complaint at the trial court by a timely objection, request, or motion that stated the grounds of the complaint, and that the trial court either ruled, or refused to rule, on the complaint."  *In re J.M.*, 603 S.W.3d 163, 168 (Tex. App.—Texarkana 2020, no pet.) (mem. op.) (quoting *Orbison v. Ma-Tex Rope Co.*, 553 S.W.3d 17, 37 (Tex. App.—Texarkana 2018, pet. denied) (citing *Jaimes v. Mersha*, No. 06-15-00079-CV, 2016 WL 2609291, at *5 (Tex. App.—Texarkana May 6, 2016, no pet.) (mem. op.)));  *see* TEX. R. APP. P. 33.1(a).  The preservation rule applies to a complaint that an affidavit of relinquishment was involuntary.  *See In re M.B.T.*, No. 10-16-00067-CV, 2016 WL 3896486, at *2 (Tex. App.—Waco July 13, 2016, pet. denied) (mem. op.); *In re M.S.*, No. 02-18-00379-CV, 2019 WL 1768993, at *9 (Tex. App.—Fort Worth Apr. 22, 2019, pets. denied) (mem. op.).  Here, Mother did not complain at trial or by a motion for a new trial that her affidavit of relinquishment was involuntary.  For that reason, she failed to preserve this issue for our review.  We, therefore, overrule this issue.

## III.  Mother's Other Complaints Are Statutorily Precluded

In her first three issues, Mother complains that the trial court committed harmful error by withdrawing the case from the jury based on waiver.  In her fifth issue, she asserts that factually

---

[4]Under this issue in her brief, Mother asserts that the Department has unclean hands because it argued incorrect points of law about the waiver of her right to a trial by jury.  Because she makes this argument in support of her complaint that her affidavit of relinquishment was involuntary, we do not consider this to be a separate issue.

4

and legally insufficient evidence supported the trial court's best-interest finding. Because those complaints are precluded by statute, we overrule these issues.

As noted earlier, the trial court based the termination of Mother's parental rights on her unrevoked affidavit of relinquishment. Section 161.211(c) of the Texas Family Code provides that "[a] direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights . . . is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." TEX. FAM. CODE ANN. § 161.211(c). In construing this statute, the Texas Supreme Court has held that the plain wording of the statute limits appellate issues to the specific issues set forth in the statute: to the involuntariness of the affidavit of relinquishment based on fraud, duress, or coercion in its execution. *In re K.S.L.*, 538 S.W.3d 107, 111 (Tex. 2017). The court also held that this applies to all "attacks on any 'order terminating parental rights' [based on the affidavit] and is not limited only to attacks on the affidavit on which the order is based." *Id.* Consequently, the appellants in *In re K.S.L.* were precluded by the statute from attacking the sufficiency of the evidence supporting the trial court's best-interest finding. *Id.* Likewise, Section 161.211(c) precludes Mother's sufficiency issue challenging the trial court's best-interest finding.[5] We overrule this issue.

---

[5]Even if this issue had not been precluded, our review of the record showed that factually and legally sufficient evidence supported the trial court's best-interest finding. Mother's affidavit of relinquishment contained her affirmation that "[t]ermination of the parent-child relationship is in the best interest of the children." The Supreme Court has held that, even under the clear and convincing standard of proof "sworn, voluntary, and knowing relinquishment of parental rights, where the parent expressly attests that termination is in the child's best interest, would satisfy a requirement that the trial court's best-interest finding be supported under this higher standard of proof." *In re K.S.L.*, 538 S.W.3d at 112. In addition, the testimony of the Department's witnesses provided more evidence that termination was in the best interests of the children, and there was no evidence to the contrary.

The Supreme Court has also emphasized "that the Legislature's 'unqualified use of "direct" and "collateral" attack denotes intent that [section 161.211(c)] have sweeping, all-encompassing breadth, applying to complaints of everything from procedural errors to jurisdictional defects.'" *In re D.S.*, 602 S.W.3d 504, 516 (Tex. 2020) (quoting *Moore v. Brown*, 408 S.W.3d 423, 435 (Tex. App.—Austin 2013, pet. denied)). For that reason, Section 161.211(c) barred the appellant's collateral attack on the subject-matter jurisdiction of the trial court base on its alleged erroneous finding that it could exercise jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act when termination of parental rights was based on an unrevoked affidavit of relinquishment. *Id.* at 517. Because of Section 161.211(c)'s all-encompassing breadth, Mother's issues relating to the trial court's withdrawing the case from the jury based on waiver are barred. We, therefore, overrule these issues.

## IV. Conclusion

For the reasons stated, we affirm the judgment of the trial court.

Scott E. Stevens
Justice

Date Submitted: November 12, 2021
Date Decided: December 1, 2021

6